Copier

## IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2013 APR 30 AM 10: 35

CLERK OF COURT

CHRISTIAN A.C. MEDINA, )
           )
    Plaintiff, )
           )
  vs. )
           )
ANTONITA M.R. SABLAN, )
           )
    Defendant. )
           )

DOMESTIC CASE NO. DM0747-11

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiff's complaint and Defendant's counterclaim for child custody. A bench trail was conducted on April 19, 2013. Daniel S. Somerfleck, Esq. appeared on behalf of Plaintiff and Joaquin C. Arriola, Jr., Esq. represented Defendant. Having considered the parties' evidence, oral arguments, and the applicable law, the Court now issues the following findings of fact and conclusions of law pursuant to GRCP 52(a).

### BACKGROUND

In this child custody matter, Plaintiff and Defendant have a two (2) year old son, Ethan Anthony Sablan Medina (hereinafter "Ethan"), who lives with Defendant. Plaintiff seeks joint legal and physical custody with equal visitation and Defendant seeks sole legal and physical custody. Pending trial, Defendant retains primary physical custody of Ethan and shares joint legal custody with Plaintiff. (Order, Jan. 26, 2012.) Plaintiff pays temporary child support to Defendant and enjoys visitation with Ethan on weekends. (Order, Apr. 11, 2012; Record Log at 9:46, May 24, 2012.)

### FINDINGS OF FACT

Plaintiff lives in a large house in Umatac with his parents, his wife, and her three children aged nine (9), seven (7), and six (6) years. (Testimony of Christian A.C. Medina, Record Log at 11:01, Apr. 19, 2013.) He is employed by the Guam Telephone Authority and works Tuesday through Saturday from 8:00 a.m. to 5:00 p.m. *Id.* Children from Plaintiff's


ORIGINAL

extended family regularly gather at the Umatac house and Ethan plays with them during visitation. *Id.*

Defendant lives in a large house with her fifteen (15) year old son next to the homes of her parents and siblings in Barrigada. (Testimony of Antonita M.R. Sablan, Record Log at 11:32, Apr. 19, 2013.) She is employed by Cape Air and works from approximately 1:00 a.m. to 9:00 a.m. three (3) nights each week and stands by on call for the same shift two (2) nights each week. *Id.* Defendant's mother babysits Ethan in her house next door whenever Defendant is at work for the early morning shift. (Testimony of Antonia R. Sablan, Record Log at 11:35, Apr. 19, 2013.)

Ethan is healthy and developing well and he spends his time with family members at home or on shopping trips. (Testimony of Antonita M.R. Sablan, Record Log at 11:32; Testimony of Christian A.C. Medina, Record Log at 11:01.) Defendant plans to enroll Ethan in daycare soon so that he may begin to socialize with other children. (Testimony of Antonita M.R. Sablan, Record Log at 11:32.) Defendant does not want to share joint custody because Plaintiff has failed to exercise consistent visitation and she alleges he reported he has used drugs in the past. *Id.* Plaintiff and Defendant no longer communicate with one another. (Testimony of Antonita M.R. Sablan, Record Log at 11:32; Testimony of Christian A.C. Medina, Record Log at 11:01.)

## CONCLUSIONS OF LAW

Under Guam law, child custody is awarded according to the best interest of the child. 19 GCA § 8404(1)(a). "[T]here is a preference for both joint legal and joint physical custody arrangements. The preference for either type of joint custody, however, is always secondary to the best interests of the child." *Howerton v. Howerton*, 2004 Guam 8 ¶ 14 (*quoting Flores v. Cruz*, 1998 Guam 30 ¶ 12) (internal quotations omitted). Pursuant to 19 GCA § 8404(h), it is legislative policy that children spend equal time with each parent, but a custody order may deviate from this policy where it is in the best interest of the child. *Id.* at ¶ 20.

In order to determine the best interests of a child and deviate from the legislative policy of joint custody, the Court must consider "the child's welfare, the parents' willingness to accept


ORIGINAL

visitation, the parents' fitness, the child's schooling, the parents' jobs and the child's extra-curricular activities." *Id.* at ¶ 25. *See also* 19 GCA § 8404(h)(1)-(7). The Court may also consider:

> (1) the age, habits, mental and emotional make-up of the child and those parties competing for custody; (2) the education and experience of those seeking to raise the child; (3) their character and propensities as evidenced by their past conduct; (4) the financial and physical circumstances available in the home of each party seeking custody and the special requirements of the child; (5) the availability and extent of third-party support; (6) the associations and influences to which the child is most likely to be exposed in the alternatives afforded, both positive and negative; (7) and where is the greater likelihood of an environment for the child of love, warmth, stability, support, consistency, care and concern, and physical and spiritual nurture.

*Howerton*, 2004 Guam 8 at ¶ 25 (*quoting Bah v. Bah*, 668, S.W.2d 663, 666 (Tenn. Ct. App. 1984)).

In this case, Ethan's best interests do not justify a deviation from the policy of joint custody and equal time with each of his parents. First, Ethan's is a healthy, developing two year old, regarding whom there is no evidence he is not ready to socialize with other children and no evidence that his welfare is endangered by the custody of either parent. Second, both parents are willing to accept visitation with a sincere desire to be involved in Ethan's life. Third, there is no evidence that either parent is presently unfit or unable to care for Ethan beyond their inability to communicate with one another and coordinate consistent temporary visitation. Fourth, both parents are employed and have the resources and third-party support to care and provide for Ethan. Fifth, both parties have family homes with children and other family members certain to expose Ethan to positive influences in an environment of love, warmth, stability, support, consistency, care, and nurturing. For all of these reasons, an award of joint custody consistent with Legislative policy is appropriate in this case.

///

///

///



## CONCLUSION

Based upon the foregoing, Plaintiff's claim for joint legal and joint physical custody is hereby GRANTED. Physical custody shall be exchanged each Friday at 5:00 p.m. or at any other regular interval reached by written stipulation of the parties.

SO ORDERED this ___30TH___ day of April, 2013.

_____

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

ORIGINAL